UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/15/2026

VITALY INOZEMTSEV,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS INC., EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC,

Defendants.

26 Civ. 4418 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated June 2, 2026, the Court ordered Plaintiff to show cause why venue was proper in this Court, holding that if Plaintiff "fails to show that venue is proper in this District," then "the Court shall transfer this case to another suitable District." ECF No. 10. On June 16, 2026, Plaintiff stated that he "consents to this matter being transferred to the United States District Court for the Southern District of Florida." ECF No. 17. By order dated June 22, 2026, the Court held that "[v]enue does not appear proper in the United States District Court for the Southern District of Florida" under 28 U.S.C. § 1391, and ordered Plaintiff to show cause why the matter should not be transferred to a judicial district in California, Georgia, or Illinois—the states where Plaintiff claims the Defendants, all corporations, are headquartered. ECF No. 25.

By letter dated June 29, 2026, Plaintiff maintains that this action should be transferred to the Southern District of Florida because "[a] substantial part of the events giving rise to Plaintiff's claims against Defendants occurred within [that] district and the Plaintiff currently resides in [that] district." *See* ECF No. 30. Although Defendants argue that venue is not proper in the Southern District of Florida, *see* ECF No. 31, the Court notes that in actions brought under the Fair Credit Reporting Act, such as this one, "the claim arises where the harm occurred." *Dixon v. Mazda Fin. Servs., Inc.*, No. 21 Civ. 8920, 2021 WL 5853244 (S.D.N.Y. Nov. 1, 2021); *see also Alvarez v. Experian Information Solutions, Inc.*, 758 F. Supp. 3d 60, 87-88 (E.D.N.Y. 2024).

Accordingly, the Court concludes that venue is proper in the Southern District of Florida. Under 28 U.S.C. § 1406(a), the Court determines that a transfer, rather than a dismissal, is in the interests of justice. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Clerk of Court is respectfully directed to TRANSFER this action to that court.

SO ORDERED.

Dated: July 15, 2026
New York, New York

ANALISA TORRES
United States District Judge